IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | No. 24-179 |
| v. | : | |
| | : | |
| DAHMIR HEYWARD | : | |
| | : | |

## ORDER

**AND NOW,** this **9th** day of **September 2024**, upon consideration of the Defendant's

Motion to Dismiss the Indictment (ECF No. 26), and the Government's Response in Opposition

thereto (ECF No. 28), it is hereby **ORDERED** that the Defendant's Motion is **DENIED**.[1]

---

[1]     The Defendant relies extensively on *Range v. Att'y Gen.*, the en banc Third Circuit
decision which held that 18 U.S.C. § 922(g)(1), the felon-in-possession statute, was
unconstitutional as applied to Bryan Range. 69 F.4th 96, 98 (3d Cir. 2023). The Third Circuit
emphasized that their decision in *Range* was "narrow," which makes sense, as it was a civil case
with particularly unique and compelling facts—the original crime was a false statement to obtain
food stamps in in violation of Pennsylvania law (classified as a misdemeanor punishable by up to
five years' imprisonment). *Id.* at 106. *Range* has since been vacated and remanded to the Third
Circuit for further consideration without further instruction in light of *United States v. Rahimi*,
144 S. Ct. 1889 (2024). *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024) (mem.).

The Supreme Court clarified in *Rahimi* that "the appropriate analysis involves
considering whether the challenged regulation is consistent with the principles that underpin our
regulatory tradition. A court must ascertain whether the new law is 'relevantly similar' to laws
that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the
founding generation to modern circumstances.'" 144 S. Ct. 1889, 1898 (2024) (citing *New York
State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24, 26-31 (2022)).

Upon careful consideration of the requirement in *Rahimi* that the new law be "relevantly
similar" to the laws of our history and tradition, this Court does not see a reason to depart from
the historical analysis conducted in *Range* and the presumptive lawfulness of 18 U.S.C. §
922(g)(1). *Range* only spoke to "[Range's] situation, and not to those of murderers, thieves, sex
offenders, domestic abusers, and the like." 69 F.4th at 110 (Ambro, J., concurring); *see also
District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be
taken to cast doubt on  longstanding prohibitions on the possession of firearms by felons . . . .");
*Bruen*, 597 U.S. at 72 (Alito, J., concurring) (noting that the decision does not "disturb[]
anything that [the Court] said in *Heller* . . . about restrictions that may be imposed on the
possession or carrying of guns"); *see also id.* at 80, 81 (Kavanaugh, J., concurring) (emphasizing

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

that "the Second Amendment allows a 'variety' of gun regulations," and *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons" (citations omitted)).

Accordingly, this Court need not lay out an exhaustive analysis of the history and tradition of the firearm regulation as applied in this case because this case does not represent a case like *Range*; rather, this application of 18 U.S.C. § 922(g)(1) "fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring). In this case, Defendant has a significant and violent criminal history stemming from a home invasion, robbery, and kidnapping of an individual. The 2017 convictions include robbery (threatened immediate serious bodily injury), robbery of a motor vehicle, burglary (overnight accommodation, person present), criminal conspiracy to commit robbery (threatened immediate serious bodily injury), two counts of possessing an instrument of crime (graded as first-degree misdemeanors, each punishable for up to 5 years' imprisonment), and kidnapping for ransom. It is in the nation's history and tradition to disarm an individual like Defendant. Thus, the Court finds Defendant's indictment for possessing a firearm as a felon constitutional under U.S.C. § 922(g)(1).

Finally, this Court does not find 18 U.S.C. § 922(g)(1) facially unconstitutional because the Defendant must show "that no set of circumstances exists under which the Act would be valid." *Rahimi*, 144 S. Ct. at 1898.